UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-115-KAC-DCP |
| | ) | |
| ALEX KEEGAN HAUN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Alex Keegan Haun's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 14], filed on December 4, 2025.

Defendant requests the Court to continue the pretrial motion deadline, set for December 5, 2025, plea deadline, set for December 12, 2025, and the trial date, set for January 13, 2026 [*Id.* at 1]. In support of his motion, Defendant states that his counsel requires additional time to allow for research and investigation to assist in the determination as to whether or not pretrial motions should be filed [*Id.* ¶ 2]. Defendant had his initial appearance on November 7, 2025 and received an initial discovery disclosure shortly thereafter [*Id.*]. Defendant represents that discovery is voluminous and contains multiple years worth of text messages, as well as multiple multimedia items which must be reviewed in person with Defendant using capable technology [*Id.*]. Defendant is currently in custody in Laurel County, Kentucky and states that additional time for travel and consultation is necessary to accomplish even the fundamental objectives for his case [*Id.*]. Defendant's counsel needs additional time to meet with Defendant to review discovery and to review potential sentencing guidelines [*Id.*]. Defendant's motion reflects that the Government does not oppose the

continuance [*Id.* ¶ 5]. Defendant understands that the period of time between the filing of this motion and a rescheduled court date will be fully excludable time for speedy trial purposes [*Id.* ¶ 4].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to review discovery, confer with counsel, and otherwise prepare for trial. The Court finds that all of this cannot occur before the January 13, 2026 trial date.

The Court therefore **GRANTS** Defendant Alex Keegan Haun's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 14**]. The trial of this case is reset to **April 14, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 4, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Alex Keegan Haun's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 14, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 4, 2025**, and the new trial date of **April 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is **January 5, 2026.** Responses to the pretrial motions are due **January 20, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 20, 2026**;

(6) the deadline for filing motions *in limine* is **April 6, 2026**. Responses to motions *in limine* are due on or before **April 14, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **March 26, 2026, at 1:30 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 10, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge