UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
                    Plaintiff,  )
v.                              )          No. 3:25-CR-115-KAC-DCP
                                )
ALEX KEEGAN HAUN,               )
                                )
                    Defendant.  )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Alex Haun's Unopposed Motion to Continue the Plea Deadline and Trial Date [Doc. 19], which he filed on March 18, 2026.

Defendant asks the Court to continue the April 14, 2026 trial date and to extend the March 20, 2026 plea deadline [*Id*. at 1]. As grounds, Defendant states that the Court released Defendant on conditions on January 13, 2026, including that he enter in-patient substance abuse treatment [*Id*. ¶ 2]. Defendant, who will be in treatment for several more months, works full time and has limited access to communication devices [*Id*.]. Counsel needs more time to confer with Defendant about discovery and the potential application of sentencing guidelines [*Id*.]. Defendant informs the Court that the Government does not object to the requested continuance [*Id*. ¶ 5]. The motion relates that counsel has discussed the motion with Defendant, who understands all time between the filing of the motion and the new trial date will be excluded for speedy trial purposes [*Id*. ¶ 4].

Based upon the information in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In

making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, defense counsel needs time to review the discovery with Defendant,[1] discuss the potential application of sentencing guidelines with him, and to prepare for trial. The Court finds that this cannot occur before the April 14, 2026, trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue the Plea Deadline and Trial Date [**Doc. 19**]. The trial date is reset to **August 4, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on March 18, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue the Plea Deadline and Trial Date [**Doc. 19**] is **GRANTED**;

(2) the trial date is reset to commence on **August 4, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **March 18, 2026**, and the new trial date of **August 4, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 2, 2026**;

---

[1] Although defense counsel requests an extension of all deadlines, the Court declines to reopen the motion deadline in this case. The pretrial motion deadline expired on January 5, 2026 [*See* Doc. 16 p. 3]. If defense counsel determines a pretrial motion is necessary, he must file a motion for leave to file the untimely motion, demonstrating good cause for the late filing and attaching a copy of the proposed motion.

2

(5) the deadline for filing motions *in limine* is **July 20, 2026**, and responses to motions *in limine* are due on or before **July 28, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **July 21, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 24, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3